UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NUMBER AMR-38162-02,
et. al.,**

      **Petitioners,**

v.                       Case No: 6:25-cv-527-JSS-DCI

**SOUTHERN FIBER OF ORLANDO,
INC.,**

      **RESPONDENT.**

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Petitioners' Motion for Extension of Time to Effectuate Service of Process on Respondent and Pursue Substitute Service (Doc. 9)** |
| **FILED:** | **June 11, 2025** |

**THEREON** it is **ORDERED** that ruling on the Motion (Doc. 9) is **DEFERRED** and Petitioners are directed to supplement the Motion.

On March 25, 2025, Petitioners initiated this case against Respondent by filing a "Petition to Compel Arbitral Award" and request that the Court "confirm, recognize, and enforce" an arbitration panel's final award and enter judgment against Respondent. Doc. 1. Despite the passage of time and many efforts, Petitioners have been unable to serve Respondent and, therefore, seek an extension of time to do so through substitute service on Florida's Secretary of State. Doc.

9 (the Motion). Petitioners have separately filed a "Notice of Filing Affidavits of Non-Service of Petition to Compel Arbitration Award on Respondent." Doc. 8 (the Notice).

The "Return of Non-Service" reflects that the process server made six attempts at service on Respondent's registered agent. Doc. 8-1. Also, Petitioners add that a server made a subsequent attempt at service at the address listed with Florida's Department of Corporations as Respondent's principal address. Doc. 9 at 4.[1] In light of the numerous unsuccessful attempts, Petitioners now seek permission to serve Respondent through Florida's Secretary of State pursuant to Florida Statutes section 48.062(4). *Id*. at 6 to 9. Petitioners contend that they have used the requisite due diligence for service on Respondent's registered agent—the only person publicly listed on Respondent's latest annual report—and, therefore, should be allowed to proceed through alternative means.

Upon consideration of the Motion and the Notice, the Court requires clarification and additional briefing. First, Petitioners do not address the propriety of utilizing Florida's substitute service statute as an alternative method of service for a dissolved limited liability company. The Court does not rule that Petitioners cannot do so, but Petitioners must address the issue with citation to authority.[2]

---

[1] Petitioners add that "[o]n May 27, 2025, the process service attempted service at 230 N. Ortman Drive, Orlando, Florida 32805 and discovered the location was vacant and undergoing renovations." Doc. 9 at 4. A review of Florida's Department of Corporations' website reflects that the Ortman address is listed as Respondent's principal address. *See* www.sunbiz.org. The last event on the website related to Respondent is "Admin Dissolution for Annual Report." *Id*.

[2] Petitioners do not mention that Respondent is not an "active" entity with the Florida Department of Corporations, nor do they cite to section 48.101 which addresses service on a dissolved LLC. To be clear, the Court recognizes that section 48.101 refers to section 48.062 which Petitioners do cite within the Motion, but Petitioners need to further brief this issue especially in light of section 48.062(5)'s requirements when the registered agent's address is a private mailbox.

Second, assuming Respondent's dissolution does not foreclose Petitioners' ability to use substitute service, the Court seeks clarification on Petitioners alleged due diligence at service. Petitioners initially explain that the address for Respondent's registered agent is a "UPS location and refused service of process." Doc. 9 at 3.[3] So, in an apparent effort to show diligence beyond this failed attempt, Petitioners assert that they made five other service attempts on "601 86th Street, Miami, Beach, Florida 33141." Doc. 9 at 3 to 4 (the Miami Beach Location). The problem is that Petitioners do not explain the relevance of the Miami Beach Location. Namely, Petitioners do not specify what the Miami Beach Location is or why service at that location is relevant under the applicable law.[4] The Court, therefore, finds it necessary to get additional briefing from Petitioners before ruling on the Motion.

Accordingly, it is **ORDERED** that:

1. ruling on the Motion (Doc. 9) is **DEFERRED**; and

2. **on or before July 11, 2025**, Petitioners are directed to file a supplement to the Motion to address with citation to authority whether substitute service on Florida's Secretary of State is an available means of service when a limited liability company is dissolved and the registered agent's address is a private mailbox and further explain the significance and legal relevance of service on the Miami Beach Location.

---

[3] As the Court mentioned *supra*, the server also unsuccessfully attempted service at Respondent's principal address.

[4] Petitioners vaguely state in the Motion that "Petitioners have completed diligent and costly efforts to serve Respondent via a certified process server at Respondent's registered agent's addresses in Florida." Doc. 9 at 6. It is not clear if Petitioners include the Miami Beach Location within that statement nor is it clear why the Court should consider the Miami Beach Location to be the registered agent's address. Also, the process server describes the Miami Beach Location in the "Return of Non-Service" as a "residence" (Doc. 8-1 at 1), but the Court will not assume that it is the registered agent's address **or** that attempted service at that address is legally significant.

**The failure to comply with this Order within the allotted time may result in the denial of the Motion and dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 4(m).**

**ORDERED** in Orlando, Florida on July 2, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties