UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NUMBER AMR-38162-02,
et. al.,

        Petitioners,

v.          Case No: 6:25-cv-527-JSS-DCI

SOUTHERN FIBER OF ORLANDO,
LLC,

        RESPONDENT.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Petitioners' Motion for Extension of Time to Effectuate Service of Process on Respondent and Pursue Substitute Service (Doc. 9)** |
| **FILED:** | **June 11, 2025** |

**THEREON** it is **ORDERED** that the Motion (Doc. 9) is **GRANTED**.

On March 25, 2025, Petitioners initiated this case against Respondent by filing a "Petition to Compel Arbitral Award" and request that the Court "confirm, recognize, and enforce" an arbitration panel's final award and enter judgment against Respondent. Doc. 1. Despite many efforts, Petitioners have been unable to serve Respondent and, therefore, seek an extension of time to do so through substitute service on Florida's Secretary of State. Doc. 9 (the Motion). Petitioners

have separately filed a "Notice of Filing Affidavits of Non-Service of Petition to Compel Arbitration Award on Respondent." Doc. 8.

By Order dated July 2, 2025, the Court deferred ruling on the Motion and directed Petitioners to file a supplement to address certain questions regarding service on a dissolved limited liability company—Respondent is administratively dissolved[1]—and to clarify why the process server focused on a particular location for service on the registered agent. Doc. 10. Petitioners have filed the supplement and have satisfactorily addressed the Court's concerns. Doc. 11 (the Supplement).

Specifically, Petitioners seek an extension of time to effect service through Florida's Secretary of State. Thus, "[u]nder Rule 4(m), the court [on motion or after notice] must either dismiss the action without prejudice, or, upon finding good cause, extend the time for service." *Florio*, 2017 WL 8897130, at *7. The Court finds that Petitioners have established good cause for an extension to serve the Secretary of State.

In particular, a party may serve a LLC by following the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida and that section, in turn, sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. § 48.062(2). Relevant here, "if, after due diligence," a plaintiff is unable to serve the registered agent and "the only person listed publicly by the domestic limited liability company . . . on its latest annual report . . . is also the registered agent on whom

---

[1] The Florida Division of Corporations' website reflects that Respondent is an inactive limited liability company with the last event listed as "ADMIN DISSOLUTION FOR ANNUAL REPORT." www.sunbiz.org.

service was attempted," then "the service of process may be served as provided in [section] 48.161 on the Secretary of State as an agent of the [LLC]." Fla. Stat. § 48.062(4).[2]

Here, the Florida Division of Corporations' website reflects that Robert Ruberti (Ruberti), Respondent's registered agent, is located at 5375 NW 159th Street #5396, Miami Lakes, Florida 33014.[3] www.sunbiz.org (the Miami Lakes Location). Ruberti is the only person listed publicly on Respondent's December 19, 2019 reinstatement and the last amended annual report. *See id*.

Petitioners provide that the process server attempted to serve Respondent through Ruberti at the Miami Lakes Location, but service was "refused." Doc. 11 at 7. The process server then made 5 separate unsuccessful attempts at service on Ruberti at 601 86th Street, Miami Beach, Florida 33141. *Id*.[4] (the Miami Beach Location). Also, Petitioners the process server made a subsequent attempt at service at the address listed with Florida's Department of Corporations as

---

[2] Florida law provides that "[t]he administrative dissolution of a limited liability company does *not* terminate the authority of its registered agent for service of process." Fla. Stat. § 605.0714(6) (emphasis supplied). Section 48.101 governs service of process on a dissolved LLC in Florida and provides that "process against any dissolved limited liability company must be served in accordance with [section] 48.062." Fla. Stat. § 48.101(3)(a).

[3] In the Motion, Petitioners state that this address is a "UPS location and refused service." Doc. 9 at 3. As stated in the Court's July 2, 2025 Order, Florida has certain requirements for service when the registered agent's address is a private mailbox—such as a UPS store—pursuant to Florida Statutes section 48.062(5). Doc. 10 at 2 n.2. Petitioners did not address the private mailbox aspect of service in the Motion but correct their characterization of the address in the Supplement. Petitioners explain that "[t]his address was inadvertently and incorrectly described as a 'UPS location' in Petitioner's Motion" and, instead, should be described as a USPS location which does not qualify as a private mailbox. Doc. 11 at 9.

[4] In the July 2, 2025 Order, the Court explained that clarification was necessary because Petitioners did not explain the relevance of the Miami Beach Location. Doc. 10. Petitioners now explain that they found the "address via a comprehensive background report on Mr. Ruberti, which indicated that Mr. Ruberti was associated with the Miami Beach [Location] from November 12, 2019 through January 23, 2025." Doc. 11 at 7. Petitioners represent that the report did not provide any other Florida addresses associated with Ruberti after January 23, 2025. *Id*.

Respondent's principal address but found that the location was vacant and undergoing renovations. Docs. 9 at 4; 11 at 8.[5]

Based on the foregoing, the Court finds that Petitioners have satisfied the requirements set forth in sections 48.101 and 48.062 and have exercised due diligence and made the requisite effort in their attempts to serve Respondent. Since Petitioners could not serve Respondent through its registered agent despite this effort, the Court finds good cause to enlarge the time to serve Respondent through the Florida's Secretary of State.

Accordingly, it is **ORDERED** that:

1. Petitioners' Motion (Doc. 9) is **GRANTED**;

2. **on or before August 22, 2025**, Petitioners shall serve Respondent through Florida's Secretary of State; and

3. the Clerk is directed to issue the summons attached to the Motion (Doc. 9-1);

**The failure to comply with this Order within the allotted time may result in the dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 4(m).**

**ORDERED** in Orlando, Florida on July 21, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Petitioners state that "[o]n May 27, 2025, the process service attempted service at 230 N. Ortman Drive, Orlando, Florida 32805 and discovered the location was vacant and undergoing renovations." Doc. 9 at 4. A review of Florida's Department of Corporations' website reflects that the Ortman address is listed as Respondent's principal address. *See* www.sunbiz.org.